IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joseph Barrios,            :
:
         Petitioner   :
:
        v.           :  No. 1411 C.D. 2023
                     :  Submitted:  June 3, 2025
City of Philadelphia (Workers'  :
Compensation Appeal Board),  :
:
        Respondent :

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
              HONORABLE MICHAEL H. WOJCIK, Judge (P.)
              HONORABLE MARY HANNAH LEAVITT, Senior Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE WOJCIK                 FILED:  July 11, 2025

Joseph Barrios (Claimant) petitions for review of the order of the Workers' Compensation Appeal Board (Board) affirming the decision of a workers' compensation judge (WCJ) that granted the Petition to Modify Compensation Benefits (Modification Petition) filed by the City of Philadelphia (Employer). Claimant challenges as unconstitutional the retroactive application of Act 111 of 2018 (Act 111), which added Section 306(a.3) of the Workers' Compensation Act (Act),[1] altering the criteria for determining a claimant's disability status; providing that an impairment rating of less than 35% constitutes a partial disability; and providing a credit for partial disability benefits already paid.  Claimant maintains that Act 111

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, added by the Act of October 24, 2018, P.L. 714, No. 111 (Act 111), 77 P.S. §511.3.

cannot be constitutionally applied to workers whose injuries occurred before October 24, 2018, the effective date of Act 111. Upon review, we affirm.

The facts of this case are not in dispute. On June 13, 2016, Claimant suffered a work-related injury to his lower back while working for Employer. On August 13, 2018, Employer issued an Amended Notice of Compensation Payable (NCP) under which Claimant received temporary total disability payments (TTD) for an injury in the nature of "disc, strain or tear." *See* WCJ 5/11/23 Decision at 3; *see also* Reproduced Record (RR) at 48a. On March 17, 2022, Employer had Claimant undergo an Impairment Rating Evaluation (IRE) under Section 306(a.3) of the Act with Lucian Bednarz, M.D., which resulted in Dr. Bednarz's determination that Claimant has reached maximum medical improvement for a "work injury consist[ing] of a lumbar myoligament strain/sprain, lumbar disc tear resulting in lumbar discogenic syndrome or disc pain," with a whole person impairment rating of 31%. *See* WCJ 5/11/23 Decision at 3-4; *see also* RR at 77a-79a; 96a-100a. As a result, on September 19, 2022, Employer filed the instant Modification Petition seeking to modify his benefits to temporary partial disability (TPD) benefits. *See id.* at 5a-7a.

Hearings before a WCJ ensued during which Employer presented the expert medical testimony[2] of Dr. Bednarz; Claimant did not testify or present any expert medical evidence. *See* WCJ 5/11/23 Decision at 3-4. Rather, Claimant asserted that the application of Act 111 to his injury that occurred prior to its

---

[2] In relevant part, Dr. Bednarz testified that he is a 1987 graduate of the Temple University School of Medicine; he is board certified in Physical Medicine and Rehabilitation and Electrodiagnostic Medicine; and he is certified to perform IREs under the 6th Edition of the American Medical Association Guide to Permanent Impairment (AMA Guide). *See* RR at 69a-71a.

enactment violated his constitutionally vested property rights.[3] Ultimately, on May 11, 2023, the WCJ issued a decision granting a modification of Claimant's benefits from TTD status to TPD status as of March 17, 2022.[4] *See id.* at 6. Claimant timely appealed the WCJ's decision to the Board.

On October 31, 2023, the Board issued an opinion and order disposing of Claimant's appeal in which it stated the following, in relevant part:

---

[3] As Claimant's counsel explained to the WCJ: "What was raised during or prior to the beginning of Dr. Bednar[z]'s deposition and we're asking just to preserve on the record today is our continued constitutional objection [to] Act 111. It's a violation of [Claimant's] due process rights under the Pennsylvania and United States Constitution[s] . . . ." RR at 59a; *see also id.* at 69a ("[A]s I raised before [the WCJ] and I'll raise again in our brief, we object to the IRE process under the constitutional right of due process, a violation of [Claimant's] rights to due process under the [Pennsylvania] and [United States] Constitution[s].").

[4] In relevant part, the WCJ found as fact:

> 8. This [WCJ] finds the medical testimony of Dr. Bednarz to be credible in all respects. In making this determination, this [WCJ] considered, *inter alia*, the doctor's extensive medical education and clinical training and experience, his specific training and certification to perform IREs in the Commonwealth of Pennsylvania and the comprehensive and cogent medical report prepared in this matter. Further, this [WCJ] notes the Claimant did not present any expert medical evidence to challenge or rebut the opinions of Dr. Bednarz.
>
> * * *
>
> 10. This [WCJ] finds that Claimant has reached [MMI] and has a whole person impairment rating of 31% based on the IRE performed by Dr. Bednarz on March 17, 2022. Accordingly, [] Employer's Modification Petition is hereby granted, and Claimant's benefits are hereby modified from [TTD] status to [TPD] status as of March 17, 2022.

WCJ 5/11/23 Decision at 4.

3

In *Hutchinson v.* [*Workers' Compensation Appeal Board*] *(Annville Township)*, 260 A.3d 360 (Pa. Cmwlth. 2021), the Commonwealth Court specifically addressed the issue as to whether Act 111 was an unconstitutional delegation of legislative authority. It held that because the legislature can adopt its own existing set of standards, and did so in Act 111 by specifying that the [AMA Guide] shall be used, it did not unconstitutionally delegate its legislative authority. 260 A.3d at 366. Furthermore, in *Pierson v.* [*Workers' Compensation Appeal Board*] *(Consol Pennsylvania Coal Co. LLC)*, 252 A.3d 1169 (Pa. Cmwlth. 2021), Commonwealth Court, citing *Pennsylvania AFL-CIO v. Commonwealth*, 219 A.3d 306 (Pa. Cmwlth. 2019)[,] stated that the consensus was that Act 111 is not an unconstitutional delegation of legislative authority and is not unconstitutional on its face. 252 A.3d at 1179. The Court also addressed a claimant's arguments that applying Act 111 in a retroactive manner to claimants injured prior to its effective date is unconstitutional because it "violate[s] vested rights secured by due process and the Remedies Clause of the Pennsylvania Constitution" and "interferes with Claimant's vested right to the calculation of his compensation that arose on the date of injury[.]" *Id.* at 1175, 1176. Citing *Rose Corporation v.* [*Workers' Compensation Appeal Board*] *(Espada)*, 238 A.3d 551 (Pa. Cmwlth. 2020)[,] the *Pierson* Court rejected the claimant's arguments, holding that the legislature gave the 104-week and credit portions of Act 111 retroactive effect, and that Act 111 is constitutional as applied to claimants injured before its effective date, if the IRE is performed on or after Act 111's effective date, because no vested rights of claimants have been abrogated by Act 111. *Id.* at 1180. Following *Pierson*, the Court has consistently held that Act 111 does not abrogate or substantially impair a claimant's vested rights in workers' compensation benefits because there is no right to ongoing total disability status. *See DiPaolo v. UPMC Magee Women's Hosp. (W*[*orkers' Compensation Appeal Board*]*)*, 278 A.3d 430 (Pa. Cmwlth. 2022); *Zaborowski v. City of Philadelphia (W*[*orkers' Compensation Appeal Board*]*)* (Pa. Cmwlth., No. 617 C.D. 2022, filed March 28, 2023), slip op. at 6-7 (reciting the litany of unreported

4

cases in which the Court has declined to revisit its holding in *Pierson*).

> Based on *Hutchinson*, *Pierson*, and *Rose Corporation*, we conclude that Claimant's challenges to the constitutionality of Act 111 have already been addressed and rejected by Commonwealth Court. Act 111 is not unconstitutional either on its face or as applied to claimants injured prior to its effective date, so long as the IRE does not pre-date Act 111. Claimant's IRE was performed on March 17, 2022, which is more than three years after Act 111's effective date, and therefore Act 111 applies and does not abrogate any vested rights. Additionally, as noted in *Pierson*, the plain language of Act 111 provides that the 104-week provisions are to be given retroactive effect.
>
> As such, we determine that the WCJ did not err in granting [Employer's] Modification Petition under Act 111 and modifying Claimant's benefit status from [TTD] to [TPD] based upon the March 17, 2022 IRE.

Board 10/31/23 Opinion at 3-5 (footnotes omitted). Accordingly, the Board issued an order affirming the WCJ's decision, *see id.* at 6, and Claimant filed the instant timely petition for review of the Board's order.

On appeal,[5] Claimant raises the same claims regarding the constitutionality of Act 111. However, as outlined above by the Board, this Court has consistently rejected all of Claimant's constitutional claims. As a result, we adopt the Board's reasoning as our own and affirm its order. *See, e.g.*, *Marriott Corporation v. Workers' Compensation Appeal Board (Knechtel)*, 837 A.2d 623, 633 (Pa. Cmwlth. 2003) ("The Board's reasoning on this point is sound, and we adopt it as our own. Accordingly, the order of the Board . . . is hereby affirmed.").

---

[5] Our review is limited to determining whether the WCJ's findings of fact were supported by substantial evidence, whether an error of law was committed, or whether constitutional rights were violated. *Department of Transportation v. Workers' Compensation Appeal Board (Clippinger)*, 38 A.3d 1037, 1042 n.3 (Pa. Cmwlth. 2011).

Accordingly, the Board's order is affirmed.


_____
MICHAEL H. WOJCIK, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joseph Barrios,                          :
                                         :
                    Petitioner           :
                                         :
        v.                               : No. 1411 C.D. 2023
                                         :
City of Philadelphia (Workers'           :
Compensation Appeal Board),              :
                                         :
                    Respondent           :


# **O R D E R**


AND NOW, this 11<u>th</u> day of <u>July</u>, 2025, the order of the Workers' Compensation Appeal Board dated October 31, 2023, is **AFFIRMED**.


_____
MICHAEL H. WOJCIK, Judge